IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAMELA ENARI and
LAWRENCE LEFKOWITZ,

   Plaintiffs,

 v.        3:24-CV-01101
         (JUDGE MARIANI)

BAKHODIR DAVRANOV,
BEK EXPRESS, INC., and
KAMUNA EXPRESS, INC.

   Defendants.

## MEMORANDUM OPINION

Presently before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 4). The Defendants also move to strike portions of Plaintiffs' complaint (the "Complaint") pursuant to Federal Rule Civil Procedure 12(f) and further seek a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). (*Id.*). For the reason that follow, Defendants' motions will be denied.

### I.  INTRODUCTION AND PROCEDURAL HISTORY

On or about June 7, 2024, Plaintiffs Pamela Enari and Lawrence Lefkowitz ("Plaintiffs") filed this negligence action in the Court of Common Pleas of Lackawanna County. (Doc. 1-2) Defendants Bakhodir Davranov, Bek Express, Inc., and Kamuna Express, Inc. ("Defendants") removed the action to this Court on July 3, 2024. (Doc. 1). On July 10, 2024, Defendants filed the instant motion.

## II.  **FACTUAL BACKGROUND**

This negligence action arises from a motor vehicle accident involving Plaintiffs, citizens of Pennsylvania, and Defendants, citizens of New York.[1] (Doc. 1-2 ¶¶ 1-5). On July 6, 2022, at approximately 2:14 p.m., Plaintiff Pamela Enari was operating a 1998 Honda Accord traveling on Interstate 80 West near Stroudsburg Borough in the right lane of travel. (*Id.* at ¶ 12). Plaintiff Lawrence Lefkowitz was a passenger in Enari's car. At the same time and place, Defendant Davranov was operating a tractor-trailer in the left land of travel. (*Id.* at ¶ 13). The tractor was owned by Defendant BEK Express, Inc. and/or Defendant Kamuna Express, Inc. and was towing an oversized load. (*Id.* at ¶¶ 8, 13).

Plaintiffs allege that Defendant Davranov operated the tractor in "such a negligent, careless, and reckless manner that he attempted to merge into the right hand lane of travel without adequate clearance when he suddenly and violently struck the Plaintiffs' vehicle." (*Id.* at ¶ 14). The force of this impact "caused Plaintiffs vehicle to strike the concrete barrier on the left side of the left travel lane." (*Id.* at ¶ 15). After striking the concrete barrier, the Plaintiffs vehicle then struck the tractor trailer for a second time "before coming to a final uncontrolled rest in the right lane of travel facing east bound." (*Id.*). As a result of this accident, Plaintiffs vehicle "sustained disabling damage as a result of the crash." (*Id.*). Plaintiffs alleges they have suffered numerous injuries as a result of the accident. (*Id.* at ¶¶ 16-23).

---

[1]   The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

Plaintiffs' Complaint brings six counts of negligence against the Defendants. (Doc. 1-2). In each of those counts, Plaintiffs allege that the collision "was due solely to the negligent conduct, careless conduct, and gross, wanton and reckless conduct" of the Defendants. (Doc. 1-2 at ¶¶ 26, 31, 37, 43, 48, 54). Plaintiffs further allege a long list of violations by the Defendants, which include, operating a vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations and violations of Pennsylvania state law and regulations. (*Id.* at ¶¶ 27(a)-(kk), 32(a)-(kk),38(a)-(kk), 44(a)-(kk), 49(a)-(kk), 55(a)-(kk)). Plaintiffs seek compensatory and punitive damages against each of the Defendants, and further allege that Defendant Davranov was acting within the course and scope of his employment at the time of the accident in question.

In their motion, Defendants seek dismissal of Plaintiffs' claims for punitive damages. Specifically, Defendants assert that the Court must dismiss Plaintiffs' punitive damages claim because "Plaintiffs have not pleaded a facially plausible claim for punitive damages against any of the Defendants." (Doc. 4 at 1-2). In addition, Defendants seek to strike "all references to punitive damages, as well as allegations of 'gross,' 'wanton,' and/or 'reckless' conduct." (*Id.* at 2). Finally, Defendants seek a more definite statement as to certain allegations in the Complaint on the theory that "the aforementioned paragraphs are so

3

vague and ambiguous that they should be stricken from the Complaint if they cannot be re-pleaded by Plaintiff with the requisite level of specificity."[2] (*Id.*).

## III.   **STANDARD OF REVIEW**

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations, alterations, and quotations marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Labs.*, 707 F.3d 223, 231 n.14 (3d Cir. 2013) (internal citation, alteration, and quotation marks omitted).

---

[2]   Defendants seek a more definitive statement on the allegations contained in Paragraphs 27(dd), 32, 32(dd), 33(h), 33(l), 33(o), 33(r), 33(t), 38, 38(dd), 39(h), 39(l), 39(o), 39(r), 39(t), 44(dd), 49, 49(dd), 50(h), 50(l), 50(o), 50(r), 50(t), 55, 55(dd), 56(h), 56(l), 56(o), 56(r) and 56(t).

4

Thus, "the presumption of truth attaches only to those allegations for which there is sufficient 'factual matter' to render them 'plausible on [their] face.'" *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S. at 679). "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption." *Id*.

"Although the plausibility standard 'does not impose a probability requirement,' it does require a pleading to show 'more than a sheer possibility that a defendant has acted unlawfully.'" *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal citation omitted) (first quoting *Twombly*, 550 U.S. at 556; then quoting *Iqbal*, 556 U.S. at 678). "The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id*. at 786-87 (quoting *Iqbal,* 556 U.S. 679).

Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike pleadings. It provides, in relevant part, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(e), which governs motions for a more definite statement provides, in relevant part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e).

## IV. ANALYSIS

### A. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Defendants seek dismissal of Plaintiffs' claim for punitive damages for failure to state a claim. More specifically, they assert that "Plaintiffs have not pleaded a facially plausible claim for punitive damages against any of the Defendants." (Doc. 4 at 1-2). Under Pennsylvania law, punitive damages are appropriate where the defendant's actions "are of such an outrageous nature as to demonstrate intentional, willful, wanton or reckless conduct." *SHV Coal, Inc. v. Cont'l Grain Co.*, 526 Pa. 489, 493, 587 A.2d 702 (1991). Reckless indifference may also support an award of punitive damages. A defendant acts with reckless indifferent when he "knows, or has reason to know, . . . of facts which create a high degree of risk of physical harm to another, and deliberately proceeds to act, or to fail to act, in conscious disregard of, or indifference to, that risk." *Id.* at 494.

It is "rare to dismiss a claim for punitive damages in motor vehicle accident cases at the outset of litigation." *Crandall v. Ballou*, Civil No. 3:22-CV-01843, 2023 WL 3136408, at *3 (M.D. Pa. Apr. 27, 2023). And "courts have generally deemed these motions to dismiss as premature and inappropriate where the complaint alleges reckless conduct." *Id.* Indeed, at the motion to dismiss stage, Courts in this Circuit generally decline to dismiss a plaintiff's claim for punitive damages. *See, e.g., C.M. v. Am. Honda Motors Co.*, Civil Action No. 3:23-cv-00119, 2024 WL 1382760, at *6 (W.D. Pa. Apr. 1, 2024) ("Courts in this circuit have routinely found that, because whether punitive damages are appropriate involves factual

6

determinations that are best made with the benefit of discovery, dismissing punitive damages claims on a 12(b)(6) motion is premature."); *Crandall*, 2023 WL 3136408, at *1 ("The court finds that it is premature and inappropriate to dismiss the punitive damages claim alleged in the complaint."); *Houck v. WLX, LLC*, Civil Action No. 3:19-CV-275, 2020 WL 1289810, at *3 (M.D. Pa. Mar. 16, 2020) ("The Court concludes that it is premature to dismiss the claim for punitive damages before discovery can reveal the presence or absence of conduct evidencing the requisite improper motive or reckless indifference on the part of Defendant and its agents."); *Fiorelli v. 2080019 Ontario, Inc.*, No. 3:14-cv-2405, 2015 WL 3916611, at *3 (M.D. Pa. June 25, 2015) ("For the above-stated reasons, the court will deny [defendant's] motion to dismiss plaintiff's punitive damages claim. Discovery is required to determine the validity of plaintiff's allegations of reckless indifference."); *Riba v. Staar Surgical*, No. Civ. A. 03-2404, 2003 WL 21961395, at *2 (E.D. Pa. June 25, 2003) ("Given the early stage of this litigation, this Court is unable to determine whether Defendant's conduct constituted such outrageous behavior as to make an award of punitive damages appropriate.").

Here, the Court concludes that Plaintiffs' Complaint plausibly alleges sufficient reckless conduct that could support an award of punitive damages, if proven. The Complaint contains various allegations indicating that Defendants acted negligently and recklessly, including allegations that Defendants violated several federal and Pennsylvania laws and regulations. Such allegations, which include alleged violations of Federal Motor

7

Carrier Safety Regulations, have been found sufficient to withstand a motion to dismiss. *See Cobb v. Nye*, No 4:14-cv-0865, 2014 WL 7067578, at *4 (M.D. Pa. Dec. 12, 2014) ("In this case, Plaintiffs have pled that the Defendants acted in a gross, wanton and reckless manner, and that they acted without due regard for the safety of the Plaintiffs. These allegations, if proven, may support a claim for punitive damages, even though Plaintiffs' Complaint sounds primarily in negligence."); *see also Shank v. Hanover Intermodal Transp., Inc.*, No. 1-23-cv-01080, 2023 WL 5401806, at *4-5 (M.D. Pa. Aug. 22, 2023).

Although it may be true that the allegations in the Complaint "may not conclusively establish recklessness," the court's obligation is "merely to determine whether they create a plausible inference of recklessness, one which discovery will further substantiate." *Gula v. Advanced Cargo Transp. Inc.*, Civil No. 3:13-CV-226, 2013 WL 1899900, at *3 (M.D. Pa. May 7, 2013).; *see also Incollingo v. Rivera*, Civil Action No. 2:22-cv-01789, 2022 WL 5221320, at *2 (E.D. Pa. Oct. 5, 2022) ("Plaintiffs have pled sufficient facts here to proceed with their punitive damages claims. This Court has in the past found that well-pled claims involving the disregard of traffic signals have sufficiently established claims for punitive damages at the pleading stage."). Accepting the Complaint's allegations as true, as the Court must, the Court concludes that Plaintiffs have plausibly alleged sufficiently recklessness conduct that may support an award of punitive damages. Accordingly, Defendants' motion to dismiss will be denied.

## B. Motion to Strike Pursuant to Federal Rule of Civil Procedure 12(f)

Defendants next seek to strike certain portions of the Complaint. Specifically, Defendants move to strike "all references to punitive damages, as well as allegations of 'gross,' 'wanton,' and/or 'reckless' conduct."[3] (*Id.* at 2). It is well-settled that striking a pleading is a "drastic remedy" which courts generally disfavor. *Homesite Ins. Co. of Midwest v. Geaith*, Civil No. 1:22-CV-1664, 2023 WL 362387, at *1 (M.D. Pa. Jan. 30, 2023); *see also Balon v. Enhanced Recovery Co., Inc.*, 316 F.R.D. 96, 98 (M.D. Pa. 2016) (motions to strike "should be denied unless the allegations have no possible relation to the controversy, may cause prejudice to one of the parties, or confuses the issues."); *Fiorentino v. Cabot Oil & Gas Corp.*, 750 F. Supp. 2d 506, 509 (M.D. Pa. 2010) ("Relief under Federal Rule of Civil Procedure 12(f) is generally disfavored, and will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case.").

"The burden rests with the moving party to show that the challenged matter should be stricken." *Roamingwood Sewer & Water Ass'n v. Nat'l Diversified Sales, Inc.*, 509 F. Supp. 3d 198, 204 (M.D. Pa. 2020). Accordingly, Defendants "must demonstrate that the matter falls within the categories listed in Rule 12(f)." *Id.* "Immaterial matter is that which has no essential or important relationship to any claims for relief." *Id.* "Impertinent matter

---

[3] These allegations are contained in Paragraphs 14, 26, 27, 27(q), 27(r), 29, 31, 32, 32(q), 32(r), 33, 35, 37, 38(q), 38(r), 39, 41, 43, 44, 44(q), 44(r), 46, 48, 49, 49(q), 49(r), 50, 52, 54, 55, 55(q), 55(r), 56, and 58.

consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* "And scandalous matter is that which casts a derogatory light on someone, uses repulsive language, or detracts from the dignity of the court." *Id.*

Here, Defendants seek to strike multiple references to punitive damages and all references to "gross," "wanton," and "reckless" conduct. As discussed above, Plaintiffs' Complaint plausibly alleges a claim for punitive damages and it is therefore inappropriate to grant Defendants the relief they seek through a Rule 12(f) motion to strike. *See Fiorentino*, 750 F. Supp. 2d at 515 (denying motion to strike "Plaintiffs' allegations regarding punitive damages"). Defendants have not overcome the general judicial disfavor for striking pleadings, and Plaintiffs' allegations which Defendants seek to strike are simply not "immaterial, impertinent, or scandalous" as required by Rule 12(f). Therefore, Defendants' motion to strike will be denied.

### C. Motion for a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e)

Finally, Defendants ask the Court to grant their motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). A party may move for a more definite statement of a pleading to which a responsive pleading is allowed, but which is so vague or ambiguous that the party cannot reasonably prepare a response. "[C]ourts have held that the class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small—the pleading must be sufficiently unintelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed."

*Rabinovich v. Bares*, Civil Action No. 3:22-cv-00753, 2023 WL 2167393, at *1 (M.D. Pa. Feb. 22, 2023). "Rule 12(e) motions are disfavored, are not a substitute for discovery, and should not be granted unless a complaint is so vague and ambiguous as to be unintelligible." *Johnson v. Sunoco, Inc.*, Civil Action No. 16-05512, 2018 WL 925009, at *5 (E.D. Pa. Feb. 15, 2018); *see also Hellyer v. Cnty. of Bucks*, Civil Action No. 10-2724, 2014 WL 413874, at *9 (E.D. Pa. Jan. 31, 2014) ("[A] motion under rule 12(e) motion is not a substitute for a motion under Rule 12(b)(6) or for discovery procedures.").

After reviewing the Complaint, the Court is convinced that the Complaint is not sufficiently unintelligible that Defendants are unable to formulate a response or defense. Accordingly, Defendants' motion for a more definite statement will be denied. *See Fenner v. Hannah*, Civil Action No. 3:15-2393, 2017 WL 1078176, at *3 (M.D. Pa. Mar. 22, 2017) ("The court finds that in reading all of the stated paragraphs together with the allegations set forth in the prior and subsequent paragraphs of the amended complaint they are sufficiently definite to preclude this court from requiring a more definite statement.").

## V.   CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss, strike, and for a more definite statement are denied. A separate order follows.

_____
Robert D. Mariani
United States District Judge